UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES WILLIAM COOK, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 04-CV-40104-RCL |
| | ) |
| DAVID L. WINN, WARDEN, | ) |
| | ) |
| Respondent. | ) |

**RESPONDENT DAVID L. WINN'S MEMORANDUM
OF LAW IN SUPPORT OF HIS OPPOSITION
TO PETITIONER'S REQUEST FOR RELIEF
AND HIS MOTION TO DISMISS PLAINTIFF'S PETITION**

**INTRODUCTION**

Petitioner, Charles William Cook ("Petitioner" or "Cook"), an inmate at Federal Medical Center Devens ("FMC Devens"), brought this habeas corpus action, pursuant to 28 U.S.C. §§ 1361, 2241, challenging the BOP's calculation of good conduct time ("GCT") as it affects his release from custody. The Respondent, David L. Winn, Warden of FMC Devens, respectfully submits this Memorandum of Law in support of his opposition to Petitioner's request for relief, as well as Respondent's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons stated below, the petition should be dismissed.

## STATEMENT OF FACTS

The allegations contained in the Petition construed in the light most favorable to Cook are as follows.[1] On December 7, 1999, in the United States District Court for the Southern District of California, Petitioner was sentenced to eighty-seven months for one count of transport and shipment in interstate commerce of sexual exploitation of minors and sixty months for one count of certain activities relating to material involving the sexual exploitation of minors. See Petition, p. 1; Declaration of FMC Devens Paralegal Trainee Stephanie J. Scannell ("Scannell Declaration") at ¶ 5b, and accompanying attachment. These sentences were ordered to run concurrently. Id. As Petitioner was sentenced to more than one year, he is eligible to receive good conduct time ("GCT") credit pursuant to 18 U.S.C. § 3624(b). Since March 23, 2004, Petitioner has been incarcerated at FMC Devens. See Petition, p. 1.

With respect to calculating GCT, the computation date began on December 7, 1999, the date that prisoner's sentence was imposed. Scannell Declaration at ¶ 5d, and accompanying attachment. If Petitioner received no GCT at all and served his full sentence, his projected release date would be March 4, 2007. Id. However, Petitioner has already received credit for the following amounts of GCT for the following time periods: December 5, 1999 to December 4, 2000 - 54 days; December 5, 2000 to

---

[1] For the purposes of a Rule 12 motion to dismiss, a court accepts that all factual allegations set forth in the complaint are true. See Rockwell v. Cape Cod Hosp., 26 F.3d 254, 255 (1st Cir. 1994); Mulloy v. United States, 884 F. Supp. 622, 626 (D. Mass. 1995).

December 4, 2001 - 54 days; and December 5, 2002 to December 4, 2003 - 54 days.  Id.
As a result, the petitioner has already received a total reduction of 216 days with a
projected release date of July 31, 2006.  Id.

     BOP projects that the total amount of GCT that Petitioner can earn in the future is
as follows: December 5, 2003 to December 4, 2004 - 54 days; December 5, 2004 to
December 4, 2005 - 54 days; and from December 5, 2005 to March 28, 2006 - 17 days.
Id.  March 28, 2006 represents the BOP's projected release date assuming that the
Petitioner accrues all of the GCT possible pursuant to 18 U.S.C. § 3624(b) and the BOP's
established practice regarding the calculation of GCT credits.  Id.

# ARGUMENT

## THE BUREAU OF PRISONS' CALCULATION OF PETITIONER'S GOOD CONDUCT TIME IS CORRECT PURSUANT TO 18 U.S.C. § 3624(b)[2]

Petitioner asserts that the BOP incorrectly calculates his Good Conduct Time ("GCT") by substituting "years served" for "term of imprisonment" in 18 U.S.C. § 3624(b). Petitioner specifically argues that because BOP credits GCT once a year and thereby moves back the projected release date each year, the BOP has improperly denied prisoners the ability to earn 54 days for each of their initially projected years of

---

[2] The Petitioner's claim that the BOP has improperly calculated his GCT credits should be dismissed under the traditional requirement that a prisoner must exhaust his administrative remedies before applying for habeas relief under 28 U.S.C. § 2241. E.g., Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); Gonzalez v. Perrill, 919 F.2d 1 (2d Cir. 1990); United States v. Flanagan, 868 F.2d 1544, 1546-47 (11th Cir. 1989).

Exceptions to the exhaustion doctrine are appropriate where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). These exceptions, however, apply only in extraordinary circumstances. Id. The petitioner bears the burden of establishing entitlement to one or more of these exceptions. Id. While conceding that he has not exhausted his administrative remedies, Petitioner contends that his failure to exhaust should be excused as "futile," and the court should consider his claim on the merits. See Petition, p. 3; see also Scannell Declaration at 1f, and accompanying exhibit. Petitioner asserts that although "[c]ountless prisoners at FMC Devens have attempted to have their sentences re-computed . . . all of such efforts have been fruitless, and were categorically denied." Id. Exhaustion, however, is not futile merely because Petitioner believes that his administrative review will be denied. See Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt that denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion."). See also Booth v. Churner, 532 U.S. 731, 741 n.6 (2001) ("we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise"). But see Pasciuti v. Drew, 2004 WL 1247813 * 1 (N.D.N.Y. June 2, 2004) (attached hereto as Exhibit 1).

incarceration. Petition, p. 7 (Petitioner seeks a writ directing Respondent to "re-compute his sentence, and award him GCT credits totalling [sic] fifty-four days for each year of the 'sentence imposed'. . . ."). Petitioner alleges that, under the statute, he is entitled to at least 391 days of GCT, whereas, under the BOP's interpretation of the statute, he gets 341 days. Petitioner's assertion is incorrect.

The federal statute governing GCT credits under the Sentencing Reform Act for all offenses committed after November 26, 1996, appears at 18 U.S.C. § 3624(b). The statute provides:

> (b) Credit toward service of sentence for satisfactory behavior.--
>
> (1) Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year . . . may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations. . . . Credit that has not been earned may not later be granted. . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. . . .

The implementing BOP regulation at 28 C.F.R. § 523.20 provides:

> **Good conduct time.**
>
> . . . Pursuant to 18 U.S.C. 3624(b), as in effect for offenses committed on or after April 26, 1996, the Bureau shall consider whether the inmate has earned, or is making satisfactory progress (see § 544.73(b) of this chapter) toward earning a General Educational Development (GED) credential before awarding good conduct time credit.
> (a) When considering good conduct time for an inmate serving a

> sentence for an offense committed on or after April 26, 1996, the
> Bureau shall award:
>    (1) 54 days credit for each year <u>served</u> (prorated when the
> time served by the inmate for the sentence during the year is less
> than a full year) if the inmate has earned or is making satisfactory
> progress toward earning a GED credential or high school diploma; or
>    (2) 42 days credit for each year <u>served</u> (prorated when the
> time served by the inmate for the sentence during the year is less
> than a full year) if the inmate has not earned or is not making
> satisfactory progress toward earning a GED credential or high school
> diploma.
> (b) The amount of good conduct time awarded for the year is also
> subject to disciplinary disallowance . . .

28 C.F.R. § 523.20 (emphasis added).

The application of the statute and BOP regulation is explained in a BOP internal guideline, Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u> ("PS 5880.28") (relevant portions are attached as Attachment "e" to the Scannell Decl.).[3]  PS 5880.28[4] is an internal guideline providing examples of how proration is applied. Consistent with the statute and regulation, PS 5880.28 provides that, in determining credit to be applied to the last year or portion of the last year, the 54 days of credit per year earned by the model prisoner shall be prorated to 0.148 days of credit for every actual day

---

[3] If the Court would prefer the entire 45 page Program Statement, the Respondent will provide a copy.

[4] Petitioner alleges that PS 5880.28 materially undermines 18 U.S.C.§ 3624(b). Petition, p. 1. However, PS 5880.28 is an internal guideline, providing examples of how the proration mechanism of BOP regulation 28 C.F.R. § 523.20 is applied. BOP Program Statement 5880.28 at 1-45 (1992). The program statement does not purport to alter the BOP regulation in any way. In the instant case, Petitioner refers to both, though only the regulation is significant. Petition, p. 2. <u>See, e.g.</u>, <u>Pacheco-Camacho v. Hood</u>, 272 F.3d 1266, 1268 n.2 (9th Cir. 2001).

served during good behavior (54/365 = 0.148).  Id.[5]  Consistent with both the pertinent regulation and program statement, FMC Devens allots GCT credits to inmates for time actually served.  Petition, p. 2.

Under the Petitioner's interpretation of Section 3624(b), he should get 54 days of GCT credit for each 12 month increment of his original sentence.  Accordingly, in accord with that interpretation, Cook should receive 54 (days of GCT) x 7.25(years of sentence) for a total of 391 days of GCT.  Under his theory, he would get credit for the portion (.25) of the eighth and final year of his original sentence, even if he never serves a single day of that last year, and, even though he would not even serve out the entirety of his second to last year.  The Petitioner's theory is flatly inconsistent with the statutory requirement that credit be given "<u>at the end</u> of each year of the prisoner's term of imprisonment" (18 U.S.C. § 3624(b)(emphasis added)), and that "credit for the last year or portion of a year of the term of imprisonment shall be prorated. . . ."  Id.  Stated another way, if, as the Petitioner asserts, "term of imprisonment" were interpreted to mean "term of the sentence," it would be impossible for the BOP to give credit "at the end of each year of the prisoner's term of imprisonment," since the petitioner would, under his theory, no longer be under BOP custody during his last year.

---

[5] The Program Statement sets forth a mathematical model that is straight-forward in concept.  It establishes a series of computations that adjust for the fact that each additional day of GCT credit results in one day less of time served.  The days of credit and days of time served each need to be adjusted until the ratio of credit to time served (0.148) is proper.

The plain meaning of § 3624(b) supports the BOP's position. The statute sets forth the yearly occasion for the determination of each year's GCT credit: "at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b). At that time, the BOP is to examine the prisoner's record of conduct over the year past and decide whether that prisoner has shown "exemplary compliance with institutional disciplinary regulations." 18 U.S.C. § 3624(b)(1). Thus, the GCT statute operates on a yearly, ongoing basis, as time is served, until the sentence is satisfied. It logically follows that if a prisoner cannot receive his 54 days of GCT until after each year of the term is complete, then a prisoner cannot receive any GCT for time not actually served.

The statute also provides, "Credit that has not been earned may not later be granted." Thus, the language clearly indicates that GCT credit must be earned. Petitioner's interpretation runs afoul of the plain language of the statute. If GCT credit were awarded based on length of sentence, as Petitioner urges, credit would be awarded for time not actually spent in prison, in other words, credit given that was never actually earned.

The statutory language is not ambiguous. See, e.g., Williams v. Lamanna, 20 Fed. Appx. 360, 2001 WL 1136069 (6th Cir. 2001) (attached hereto as Exhibit 2); but see Pacheco-Camacho v. Hood, 272 F.3d at 1270. But if it is, the BOP's interpretation is entitled to substantial deference. It is set forth in a duly promulgated regulation, and consequently is entitled to full deference under Chevron U.S.A. Inc. v. Natural Resources Defense Council, 467 U.S. 837 (1984). See Pacheco-Camacho v. Hood, 272 F.3d at

1270.  Under Chevron, the BOP's regulation is to be upheld if it is "based on a permissible construction of the statute."  467 U.S. at 843.  The discussion above demonstrates that the BOP's interpretation meets this standard.[6]

The only two circuit courts to have considered the issue raised here have upheld the BOP position.  In Pacheco-Camacho, the Ninth Circuit rejected the same argument made by the Petitioner here.  The court noted that the petitioner's argument in that case would "confer upon the prisoner a bonus during his last year of imprisonment."  272 F.3d at 1269.  After examining the statutory language, the court concluded, "Nothing in the statute clearly suggests that Congress intended to give the prisoner such a windfall in his last year."  Id.  The court further concluded that the BOP's implementing regulation was entitled to Chevron deference and that it reflected a permissible interpretation of the statute.  Id. at 1270-1271.[7]

The Court of Appeals for the Sixth Circuit, in two unpublished opinions, has also

---

[6]  Petitioner contends that a level of deference below that which was required in Chevron applies when a statute "does not indicate that Congress meant to delegate authority to the agency to issue rulings with the binding force of law.  Petition, p. 6.  Petitioner cites to Reno v. Koray, 515 U.S. 50 (1995), which accorded "some deference" to an internal BOP guideline.  Id.  At issue in the instant case, however, is a BOP published regulation.  BOP regulation 28 C.F.R. §523.20 represents the agency's interpretation of § 3624(b) and was adopted through notice and comment procedure.  As such, this BOP regulation is entitled to the full deference mandated by the Chevron decision.  See Pacheco-Camacho v. Hood, 272 F.3d at 1268.

[7]  The Pacheco-Camacho court rejected a claim that the rule of lenity compelled Petitioner's interpretation.  The rule of lenity resolves ambiguities in a criminal defendant's favor; however, it does not apply when, as in this instance, the question has been addressed by a regulation validly adopted through the rulemaking process.  272 F.3d at 1271-72.

upheld the BOP's approach to determining GCT credits.  See Brown v. Hemingway, 53 Fed. Appx. 338, 2002 WL 31845147 (6th Cir. 2002) ("The Bureau's interpretation is reasonable in light of the statutory language."); Williams v. Lamanna, 20 Fed. Appx. 360, 2001 WL 1136069 (6th Cir. 2001) ("The statute clearly states that good conduct time is awarded on time served by the inmate, not on the time that might potentially be served by the inmate.").[8]

The Petitioner relies on one case to the contrary, White v. Scibana, 2003 WL 23171593 (W.D. Wis. 2003) ( attached as Exhibit 7 hereto).[9]  Petition, p. 5.  The Respondent suggests that the White opinion is not well reasoned with respect to the BOP's implementation of GCT.  The court in White gives no consideration to the statutory language that credit be established "at the end of each year of the prisoner's term of imprisonment," and offers no analysis of how, under the Petitioner's theory,

---

[8]   Pursuant to Sixth Circuit Rule 28(g), copies of these opinions are attached as Exhibits 3 and 2 respectively.  Several district court decisions are in accord.  Pasciuti v. Drew, 2004 WL 1247813 * 1 (N.D.N.Y. June 2, 2004); Martinez v. Wendt, 2003 WL 22456808 (N.D. Tex. October 24, 2003) (attached as Exhibit 4 hereto); Webb v. Deboo, et al., Case No. 3:03CV961, Dorsey, J., Ruling and Order dated Sept. 22, 2003 (D. Ct.) (attached as Exhibit 5); De Gerolamo v. White, Case No. 03CV139, Wolfson, F., Opinion Dated May 20, 2003 (D. N.J.) (attached as Exhibit 6 hereto); see also Montalvo v. United States, 174 F.Supp.2d 10, 14 (S.D.N.Y. 2001).

[9]  Cook also relies on the Statements of Senator Joseph Biden to support his position. Petition, p. 4.  Petitioner argues, based on the statements of Senator Biden, that Congress intended to grant inmates GCT credit for up to 15% of their sentence.  However, even the White case recognized the very limited probative value of these statements as they were issued well after § 3624(b) went into effect.  2004 WL 877606 at *5 ((citing St. Francis Hospital Center v. Heckler, 714 F.2d 872 (7th Cir. 1983) ("[P]ost enactment history is not the surest guide of the legislative intent in initially passing the Act.")).

"credit for the last year or portion of a year . . . shall be prorated . . . ." The court in <u>White</u> also fails to acknowledge the statutory command that "credit that has not been earned may not later be granted." Accordingly, <u>White</u> should not be followed. The BOP's calculation of Petitioner's GCT credit is correct, and the Petitioner's position is without merit.

## CONCLUSION

For the foregoing reasons, Respondent respectfully requests that this Court allow his motion to dismiss in its entirety.

                                             Respectfully submitted,

                                             DEFENDANT DAVID L. WINN,
                                             WARDEN, FMC DEVENS,

                                             By his attorney,

                                             MICHAEL J. SULLIVAN
                                             United States Attorney
                                             <u>/s/ Jennifer C. Boal</u>
                 By:    Jennifer C. Boal
                                             Assistant U.S. Attorney
                                             John Joseph Moakley U.S.   Courthouse
                                             1 Courthouse Way, Suite 9200
                                             Boston, MA 02210
                                             (617) 748-3310

Dated: July 20, 2004