UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES WILLIAM COOK,               )
                Petitioner,          )
                                     )
        v.                           )    Civ. Action No. 04-CV-40104
                                     )
DAVID L. WINN, WARDEN,               )
                Respondent.          )
                                     )

## DECLARATION OF STEPHANIE SCANNELL

I, Stephanie Scannell, hereby make the following declaration:

1.      I am currently employed by the Federal Bureau of Prisons (BOP) of the United States
        Department of Justice as a Paralegal Trainee at the Consolidated Legal Center located at
        the Federal Medical Center (FMC) in Devens, Massachusetts.  I have been employed at
        this position since approximately March 9, 2003, and have been with the BOP since
        October 6, 2002.

2.      In order to perform my official duties as Paralegal Trainee, I have access to numerous
        records regarding prisoners maintained in the ordinary course of business at FMC
        Devens.  This information includes, but is not limited to, documentary records, Judgment
        and Commitment files, and computerized records maintained on SENTRY, the Bureau of
        Prisons computerized data base.

3.      I have access to the various databases and files concerning administrative remedy claims
        filed pursuant to the Administrative Remedy Program, which are maintained by the
        Bureau of Prisons in the ordinary course of business.  In particular, I have access to
        SENTRY, which maintains a record of all of the administrative remedies filed by an
        inmate, the dates thereof, and the dispositions.  These records reflect every administrative
        remedy claim filed by an inmate in the Bureau of Prisons, while housed in any federal
        institution of the Bureau of Prisons.

4.    On July 6, 2004, I ran a SENTRY search to determine if inmate Charles Cook, Reg. No. 52892-198, had filed any administrative remedy claims under the Administrative Remedy Program in regard to the allegations in his Petition. A review of his Administrative Remedy Record revealed that he has not utilized the Administrative Remedy Process to file a single administrative remedy submission on the issues presented in this Petition. A true and accurate copy of the Administrative Remedy Generalized Retrieval screen for inmate Charles Cook, Reg. No. 52892-198, is attached as **Document f**.

5.    Attached hereto, please find true and correct copies of the following documents:

    a.    Public Information Data for inmate Charles Cook, Register Number 52892-198, dated July 6, 2004;

    b.    Judgment and Commitment Order;

    c.    Sentence Monitoring Computation Data for inmate Charles Cook, Reg. No. 52892-198, dated July 6, 2004;

    d.    Sentencing Monitoring Good Time Data for inmate Charles Cook, Reg. No. 52892-198, dated July 6, 2004;

    e.    Program Statement 5880.28, Sentence Computation Manual CCCA (attached in relevant part);

    f.    Administrative Remedy Generalized Retrieval for inmate Charles Cook, Reg. No. 52892-198, dated July 6, 2004;

I declare the foregoing is true and correct to the best of my knowledge and belief, and given under penalty of perjury pursuant to 28 U.S.C. § 1746.

Executed this ___9th___ day of July, 2004

Stephanie J. Scannell
Paralegal Trainee
FMC Devens

EXHIBIT A

DEVAA
PAGE 001
PUBLIC INFORMATION
INMATE DATA
AS OF 07-06-2004

Case 4:04-cv-40104-RCL    Document 5    Filed 07/20/2004    Page 4 of 36    07-06-2004
10:35:33

```
REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM
COMP NO: 010          ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                     PHONE..: 978-796-1000    FTS: 700-796-1000
                                              RACE/SEX...: WHITE / MALE
FBI NUMBER.: 990546DA6                        DOB/AGE....: 08-04-1964 / 39
PROJ REL MT: GOOD CONDUCT TIME RELEASE        PAR ELIG DT: N/A
PROJ REL DT: 03-28-2006                       PAR HEAR DT: N/A
--------------------------- ADMIT/RELEASE HISTORY ---------------------------
FCL    ASSIGNMENT  DESCRIPTION                START DATE/TIME STOP  DATE/TIME
DEV    A-DES       DESIGNATED, AT ASSIGNED FACIL  03-23-2004 1236 CURRENT
S18    RELEASE     RELEASED FROM IN-TRANSIT FACL  03-23-2004 1236 03-23-2004 1236
S18    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-23-2004 0726 03-23-2004 1236
BRO    HLD REMOVE  HOLDOVER REMOVED               03-23-2004 0726 03-23-2004 0726
BRO    A-BOP HLD   HOLDOVER FOR INST TO INST TRF  03-09-2004 1316 03-23-2004 0726
B01    RELEASE     RELEASED FROM IN-TRANSIT FACL  03-09-2004 1316 03-09-2004 1316
B01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 03-09-2004 0648 03-09-2004 1316
ALF    TRANSFER    TRANSFER                       03-09-2004 0648 03-09-2004 0648

G0002       MORE PAGES TO FOLLOW . . .
```

```
REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM
COMP NO: 010          ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS          RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                      PHONE..: 978-796-1000   FTS: 700-796-1000
ALF    A-DES       DESIGNATED, AT ASSIGNED FACIL  05-13-2003 0700 03-09-2004 0648
B01    RELEASE     RELEASED FROM IN-TRANSIT FACL  05-13-2003 0700 05-13-2003 0700
B01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 05-13-2003 0544 05-13-2003 0700
LEW    HLD REMOVE  HOLDOVER REMOVED               05-13-2003 0544 05-13-2003 0544
LEW    A-HLD       HOLDOVER, TEMPORARILY HOUSED   05-12-2003 1636 05-13-2003 0544
A01    RELEASE     RELEASED FROM IN-TRANSIT FACL  05-12-2003 1636 05-12-2003 1636
A01    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 05-12-2003 0900 05-12-2003 1636
OKL    HLD REMOVE  HOLDOVER REMOVED               05-12-2003 0800 05-12-2003 0800
OKL    A-HLD       HOLDOVER, TEMPORARILY HOUSED   04-24-2003 1750 05-12-2003 0800
4-O    RELEASE     RELEASED FROM IN-TRANSIT FACL  04-24-2003 1850 04-24-2003 1850
4-O    A-ADMIT     ADMITTED TO AN IN-TRANSIT FACL 04-22-2003 1200 04-24-2003 1850
SDC    HLD REMOVE  HOLDOVER REMOVED               04-22-2003 0900 04-22-2003 0900
SDC    A-HLD       HOLDOVER, TEMPORARILY HOUSED   03-21-2003 0945 04-22-2003 0900


G0002         MORE PAGES TO FOLLOW . . .
```

REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM
COMP NO: 010        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FTS: 700-796-1000
PRE-RELEASE PREPARATION DATE: 09-28-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-28-2006 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ---------------------

COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 98CR2268-IEG
JUDGE...........................: GONZALEZ
DATE SENTENCED/PROBATION IMPOSED: 12-07-1999
DATE COMMITTED..................: 05-17-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

G0002        MORE PAGES TO FOLLOW . . .

REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM
COMP NO: 010        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FTS: 700-796-1000


                 FELONY ASSESS  MISDMNR ASSESS   FINES            COSTS
NON-COMMITTED.:  $200.00        $00.00           $00.00          $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO        AMOUNT:  $00.00


-----------------------CURRENT OBLIGATION NO: 010 ---------------------------
OFFENSE CODE....:  511
OFF/CHG: 18 USC 2252(A)(1) TRANSPORT AND SHIP IN INTERSTATE COMMERCE
         SEXUAL EXPLOITATION OF MINORS; 18 USC 2252(A)(4)(B) CERTAIN
         ACTIVITIES RELATING TO MATERIAL INVOLVING THE SEXUAL
         EXPOITATION OF MINORS


G0002        MORE PAGES TO FOLLOW . . .

REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM
COMP NO: 010        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FTS: 700-796-1000
 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:    87 MONTHS
 TERM OF SUPERVISION............:     3 YEARS
 DATE OF OFFENSE................: 07-02-1998

------------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-19-2000 AT ALF AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 12-07-1999
TOTAL TERM IN EFFECT............:    87 MONTHS

 G0002      MORE PAGES TO FOLLOW . . .

REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM
COMP NO: 010        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000    FTS: 700-796-1000
TOTAL TERM IN EFFECT CONVERTED..:    7 YEARS    3 MONTHS
EARLIEST DATE OF OFFENSE........: 07-02-1998

JAIL CREDIT.....................:   FROM DATE      THRU DATE
                                    07-16-1998     07-17-1998

TOTAL PRIOR CREDIT TIME.........: 2
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 341
TOTAL GCT EARNED................: 216
STATUTORY RELEASE DATE PROJECTED: 03-28-2006
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 03-04-2007


G0002        MORE PAGES TO FOLLOW . . .

REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM
COMP NO: 010        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS        RESP OF: DEV / DESIGNATED, AT ASSIGNED FACIL
                    PHONE..: 978-796-1000   FTS: 700-796-1000
TYPE OF HEARING.................: NOT ELIGIBLE

PROJECTED SATISFACTION DATE.....: 03-28-2006
PROJECTED SATISFACTION METHOD...: GCT REL



S0055        NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

EXHIBIT B

FILED

A.O.245 S Sheet 1 Judgment including Sentence Under the Sentencing Reform Act
========================================================================

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

VS

CHARLES WILLIAM COOK

52892

JUDGMENT INCLUDING SENTENCE
UNDER THE SENTENCING REFORM ACT

CRIMINAL CASE NUMBER 98CR2268-IEG

____HERBERT COOK____
Defendant's Attorney

THE DEFENDANT

__   Plead guilty to count(s) _____

_X_  was found guilty on count(s) __1 and 2 of the indictment_____after a
     plea of not guilty.

     Accordingly, the defendant is adjudged guilty of such count(s), which
involve the following offenses:

| Title & Section | Nature of Offense | Count(s) |
|---|---|---|
| 18 USC 2252(a)(1) | Transport and ship in interstate commerce sexual exploitation of minors. | 1 |
| 18 USC 2252(a)(4)(B) | Certain activities relating to material involving the sexual exploitation of minors. | 2 |

The defendant is sentenced as provided in pages 2 through__4____of this
Judgment.  The sentence is imposed pursuant to the Sentence Reform Act of
1984.

     The defendant has been found not guilty on count(s)_____      and
is discharged as to such count(s).

_____(is)(are) dismissed on the motion
of the United States.

     Pursuant to 18 USC 3013 an assessment is hereby levied in the amount of
$_200 ($100 each count).
_X_ Fine ordered waived.
_X_ Forfeiture order previously filed 11-3-99.

     It is further ordered that the defendant shall notify the United States
Attorney for this district within 30 days of any change of residence or
mailing address until all fines, restitution, costs, and special assessments
imposed by this Judgment are fully paid.

__December 7, 1999__
DATE OF IMPOSITION OF SENTENCE

____IRMA E. GONZALEZ____
UNITED STATES DISTRICT JUDGE
ENTERED ON 12-8-99

I hereby attest and certify on 3/15/2000
That the foregoing document is a full, true and correct
copy of the original on file in my office and in my legal
custody.
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
By_____

98CR2268

AO 245 S Sheet 2 IMPRISONMENT
================================================================
DEFENDANT: CHARLES WILLIAM COOK
CASE NUMBER:98CR2268-IEG                    JUDGMENT PAGE 2  of 4

### IMPRISONMENT

The defendant is hereby committed to the custody of the United States
Bureau of Prisons to be imprisoned for a term of 87 months count 1 and
60 months as to count 2 to run concurrently with count 1

___ The Court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this
         district at          a.m./p.m. on _____
              ___ as notified by the Marshal.

___ The defendant shall surrender for service of sentence at the institution
         designated by the Bureau of Prisons
              ___ on or before
              ___ as notified by the United States Marshal.
              ___ as notified by the Probation Office.

### RETURN

I have executed this Judgment as follows:

Defendant delivered on ___5-17-00___ to ___WARDEN___
_____ACF_____ with a certified copy of this
judgment.

                                    UNITED STATES MARSHAL

                                    BY_____
                                         DEPUTY MARSHAL

                                                        98CR2268

AO 245B (Rev 3/95) Sheet 3 - Supervised Release
================================================================================
DEFENDANT: CHARLES WILLIAM COOK                    JUDGMENT PAGE 3   OF 4
CASE NUMBER: 98CR2268-IEG

### SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years as to each count concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

_____ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)

 X  The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in this judgment.

The defendant shall comply with the standard conditions that have adopted by this court (set forth below).  The defendant shall comply with the additional conditions on the attached page (if indicated below).

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol; .
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distribute or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

98CR2268

AO 245B (Rev 3/95) Sheet 3 - Supervised Release
================================================================================
DEFENDANT: CHARLES WILLIAM COOK                        JUDGMENT PAGE 4 OF 4
CASE NUMBER: 98CR2268-IEG

## SPECIAL CONDITIONS OF SUPERVISION

_X_ Not possess firearms, explosive devices, or other dangerous weapons.

_X_ Submit to a search of person, property, residence, abode or vehicle at
a reasonable time and in a reasonable manner by the Probation Officer.

_X_ Register with the state sex offender registration agency in any state
were the defendant resides, is employed, carries a vocation, or is a
student, as directed by the probation officer. The probation officer will
provide the state officials with any and all information required by the
state sex offender registration agency, and my direct the defendant to
report to that agency personally for additional processing, such as
photographing and fingerprinting.

_X_ Prohibited from possessing a home computer. He must immediately make the
probation officer aware of any computer outside his residence that he has
access to.

_X_ Participate in a program of mental health treatment if directed by the
Probation Officer, take all medications as prescribed by a
psychiatrist/physician, and not discontinue any medication without
permission. The Court authorizes the release of the presentence
report and available psychological evaluations to the mental health
provider, as approved by the Probation Officer.

_X_ Prohibited from accessing internet sites that deal with child pornography.

_X_ Not associate with minor children under the age of 18 without the presence
of a responsible adult.

_X_ The defendant shall not visit playgrounds nor reside near playgrounds,
schools or daycare centers.

_X_ Defendant shall incur any cost for psychological treatment the victim may
need.

98CR2268

EXHIBIT C

```
   DEVAA  540*23 *          SENTENCE MONITORING        *     07-06-2004
   PAGE 002 OF 002 *         COMPUTATION DATA           *     10:36:56
                              AS OF 07-06-2004

   REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM


   ------------------------CURRENT COMPUTATION NO: 010 -------------------------

   COMPUTATION 010 WAS LAST UPDATED ON 05-19-2000 AT ALF AUTOMATICALLY

   THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
   CURRENT COMPUTATION 010: 010 010

   DATE COMPUTATION BEGAN..........: 12-07-1999
   TOTAL TERM IN EFFECT............:    87 MONTHS
   TOTAL TERM IN EFFECT CONVERTED..:     7 YEARS    3 MONTHS
   EARLIEST DATE OF OFFENSE........: 07-02-1998

   JAIL CREDIT.....................: FROM DATE    THRU DATE
                                     07-16-1998   07-17-1998

   TOTAL PRIOR CREDIT TIME.........: 2
   TOTAL INOPERATIVE TIME..........: 0
   TOTAL GCT EARNED AND PROJECTED..: 341
   TOTAL GCT EARNED................: 216
   STATUTORY RELEASE DATE PROJECTED: 03-28-2006
   SIX MONTH /10% DATE.............: N/A
   EXPIRATION FULL TERM DATE.......: 03-04-2007

   TYPE OF HEARING.................: NOT ELIGIBLE

   PROJECTED SATISFACTION DATE.....: 03-28-2006
   PROJECTED SATISFACTION METHOD...: GCT REL
```

```
   S0055      NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

```
  DEVAA  540*23 *          SENTENCE MONITORING          *     07-06-2004
  PAGE 001        *         COMPUTATION DATA            *     10:36:56
                            AS OF 07-06-2004
```

REGNO..: 52892-198 NAME: COOK, CHARLES WILLIAM


```
FBI NO...........: 990546DA6            DATE OF BIRTH: 08-04-1964
ARS1.............: DEV/A-DES
UNIT.............: J UNIT                QUARTERS.....: J03-307U
DETAINERS........: NO                    NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 09-28-2005

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  03-28-2006 VIA GCT REL

-----------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: CALIFORNIA, SOUTHERN DISTRICT
DOCKET NUMBER...................: 98CR2268-IEG
JUDGE...........................: GONZALEZ
DATE SENTENCED/PROBATION IMPOSED: 12-07-1999
DATE COMMITTED..................: 05-17-2000
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.: $200.00        $00.00          $00.00         $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

------------------------CURRENT OBLIGATION NO: 010 -------------------------
OFFENSE CODE....: 511
OFF/CHG: 18 USC 2252(A)(1) TRANSPORT AND SHIP IN INTERSTATE COMMERCE
         SEXUAL EXPLOITATION OF MINORS; 18 USC 2252(A)(4)(B) CERTAIN
         ACTIVITIES RELATING TO MATERIAL INVOLVING THE SEXUAL
         EXPOITATION OF MINORS

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:   87 MONTHS
TERM OF SUPERVISION............:    3 YEARS
DATE OF OFFENSE................: 07-02-1998
```

G0002        MORE PAGES TO FOLLOW . . .

EXHIBIT D

```
DEVAA  542*22  *              SENTENCE MONITORING          *    07-06-2004
PAGE 001 OF 001 *               GOOD TIME DATA             *    10:37:22
                              AS OF  07-06-2004
```

```
REGNO...: 52892-198    NAME: COOK, CHARLES WILLIAM
ARS 1...: DEV A-DES                                   PLRA
COMPUTATION NUMBER..: 010              FUNC..: PRT   ACT DT:
LAST UPDATED: DATE.: 05-19-2000        FACL..: ALF    CALC: AUTOMATIC
UNIT................: J UNIT           QUARTERS............: J03-307U
DATE COMP BEGINS....: 12-07-1999       COMP STATUS.........: COMPLETE
TOTAL JAIL CREDIT...: 2                TOTAL INOP TIME.....: 0
CURRENT REL DT......: 07-31-2006 MON   EXPIRES FULL TERM DT: 03-04-2007
PROJ SATISFACT DT...: 03-28-2006 TUE   PROJ SATISF METHOD..: GCT REL
ACTUAL SATISFACT DT.:                  ACTUAL SATISF METHOD:
DAYS REMAINING......:                  FINAL PUBLC LAW DAYS:
```

```
-----------------------GOOD CONDUCT TIME AMOUNTS-----------------------
```

| START DATE | STOP DATE | MAX DIS | POSSIBLE TO FFT | ACTUAL TOTALS DIS | FFT | VESTED AMOUNT | VESTED DATE |
|---|---|---|---|---|---|---|---|
| 12-05-1999 | 12-04-2000 | 54 | 54 | | | | |
| 12-05-2000 | 12-04-2001 | 54 | 108 | | | | |
| 12-05-2001 | 12-04-2002 | 54 | 162 | | | | |
| 12-05-2002 | 12-04-2003 | 54 | 216 | | | | |
| 12-05-2003 | 12-04-2004 | 54 | | | | | |
| 12-05-2004 | 12-04-2005 | 54 | | | | | |
| 12-05-2005 | 03-28-2006 | 17 | | | | | |

```
     TOTAL EARNED AMOUNT.........................................:    216
     TOTAL EARNED AND PROJECTED AMOUNT...........................:    341
```

```
G0005      TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED
```

EXHIBIT E

# Program Statement

| | |
|---|---|
| **OPI:** | CPD |
| **NUMBER:** | 5880.28 |
| **DATE:** | CN-06, 7/19/99 |
| **SUBJECT:** | Sentence Computation Manual (CCA of 1984) |

1. **PURPOSE AND SCOPE.** This Program Statement transmits the "Sentence Computation Manual" which establishes the policies and procedures for the computation of sentences imposed for violations of the United States Code under the statutes of the Comprehensive Crime Control Act of 1984 (CCCA).

On October 12, 1984, President Reagan signed the Comprehensive Crime Control Act of 1984 (CCCA) into law. Two major components of this law, the Sentencing Reform Act of 1984 (SRA) and the Insanity Reform Act of 1984, completely restructured the sentencing guidelines and policies of the United States Courts.

After the effective date of the SRA on November 1, 1987, a number of United States Court decisions found all or parts of the SRA unconstitutional. As a result, the SRA was implemented nationally in various ways.

On January 18, 1989, in **Mistretta** v. **U.S.**, the Supreme Court considered the constitutionality of the sentencing guidelines and ruled that the guidelines were constitutional. This Manual provides instructions for computing sentences imposed under the CCCA both before and after the **Mistretta** decision.

2. **DIRECTIVES AFFECTED**

   a. **Directives Rescinded.** None.

   b. **Directives Referenced.** None.

g. **Good Conduct Time.** Subsection 3624(b) states, "(b) Credit toward service of sentence for satisfactory behavior.-- A prisoner who is serving a term of imprisonment of more than one year, other than a term of imprisonment for the duration of his life, shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with such institutional disciplinary regulations as have been approved by the Attorney General and issued to the prisoner.  If the Bureau determines that during that year, the prisoner has not satisfactorily complied with such institutional regulations, he shall receive no such credit toward service of his sentence or shall receive such lesser credit as the Bureau determines to be appropriate.  The Bureau's determination shall be made within fifteen days after the end of each year of the sentence.  Such credit toward service of sentence vests at the time it is received.  Credit that has been vested may not later be withdrawn, and credit that has not been earned may not later be granted.  Credit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence."

For computation purposes, it is necessary to remember the following about subsection 3624(b):

(1)  54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being

prorated for the last partial year.  No GCT can be earned on, or
awarded to, a sentence of one year or less.

        (2)  The BOP has 15 days after the end of
each full year served to make a determination as to the amount of
the 54 days that shall be awarded.  If the BOP makes no decision
about the amount of GCT to award in the 15 days at the end of the
year just served, then the entire 54 days will be automatically
credited to the sentence on the Vested Date.  Therefore, before
awarding any GCT on the Vested Date, staff shall review the
SENTRY disciplinary log to determine if any GCT had been
disallowed during the preceding anniversary period.  If no GCT
was disallowed during the preceding anniversary period, then the
GCT SENTRY data base shall be updated with the total amount of
GCT possible to earn and a copy of the disciplinary log, as well
as a copy of the GCT record (both signed and dated by the ISM
staff member making the change and the auditor), shall be placed
in the Judgment and Commitment File.

        If some or all of the GCT had been
disallowed during the preceding anniversary period and no BP-448
(Good Conduct Time Action Notice) has been received by the Vested
Date that matches the disciplinary log record, then the
disciplinary log shall be used as the official record for
disallowing GCT on the Vested Date.  A copy of the disciplinary
log shall be placed in the Judgment and Commitment File pending
receipt of a BP-448 that matches the information on the
disciplinary log.  After receipt of the BP-448 the disciplinary
log copy shall be destroyed.  Again, an updated copy of the

copy of the SENTRY GCT record (signed and dated by the ISM staff member making the change and the auditor) shall be placed in the Judgment and Commitment File.

          (5) An action to delay, disallow or suspend the award of some or all of the GCT for a decision at a later time that is not within the 15 day, or six week, consideration time periods is not authorized.

    For release purposes, subsection 3624(b) is the most important provision in the computation process since the proper application of that subsection determines the actual statutory date of release for the prisoner. The release date is determined, of course, by subtracting the total amount of GCT awarded during the term of the sentence from the full term date of the sentence. The total amount of GCT awarded during the term of a sentence is found by adding the amount of GCT awarded at the end of each year to the amount of GCT awarded for the last portion of a year.

    As noted in (1) above, 54 days of GCT may be awarded for each full year served on a sentence in excess of one year. Since 54 days of GCT per year cannot be divided evenly into one year, or 12 months, or 52 weeks, or 365 days, determining the amount of GCT that may be awarded for the last portion of a year on the sentence becomes arithmetically complicated. The BOP has developed a formula (hereinafter called the "GCT formula") that

best conforms to the statute when calculating the maximum number of days that may be awarded for the time served during the last portion of a year on the sentence.

The GCT formula is based on dividing 54 days (the maximum number of days that can be awarded for one year in service of a sentence) into one day which results in the portion of one day of GCT (continued on next page)

that may be awarded for one day served on a sentence.  365 days divided into 54 days equals .148.  Since .148 is less than one full day, no GCT can be awarded for one day served on the sentence.  Two days of service on a sentence equals .296 (2 x .148) or zero days GCT; three days equals .444 (3 x .148) or zero days GCT; four days equals .592 (4 x .148) or zero days GCT; five days equals .74 (5 x .148) or zero days GCT; six days equals .888 (6 x .148) or zero days GCT; and seven days equals 1.036 (7 x .148) or 1 day GCT.  The fraction is always dropped.

Since, in accordance with the statute (18 USC § 3624(b)), no GCT can be awarded to a sentence of one year or less, then the very shortest sentence that can be awarded GCT is a sentence of 1 year and 1 day.  Because a prisoner would accrue GCT while serving a sentence of 1 year and 1 day and, therefore, serve something less than the full sentence, it would be impossible to accrue the full 54 days of GCT for a sentence of 1 year and 1 day.  As a result, the GCT formula previously discussed must be utilized as shown below to determine the amount of GCT to award for a partial year.  This method of calculating the GCT possible to award for the last portion of a year of a sentence to be served must be followed in all partial year calculations.  (For the purpose of this demonstration, the sentence of 1 year and 1 day equals 366 days.)

Step No. 1

Sentence  = 366 - 54 = 312 days

312 days served does not equal 54 days of GCT but does equal 46 days.

Step No. 2

Days Served  = 312 x .148 = 46.176 = 46 days GCT


Subtracting 46 days from the sentence of 366 days results in 320
days to be served.


Step No. 3

Sentence = 366 - 46  = 320 days

46 days of GCT is not enough because 46 plus 312 days to be
served equals a sentence of 358 days, 8 days short of a sentence
of 366 days (1 year and 1 day).


Step No. 4

Time Served  = 312 + 46  = 358 days

Comparing 320 days to serve, which is too much time to serve,
with 312 days to serve, which is not enough time to serve,
reveals that the amount of GCT that can be earned must fall
somewhere between 54 and 46 days.  As a result, the next step is
to determine how much GCT can be earned on 320 days served.


Step No. 5

Time Served  =  320 x .148  = 47.36 = 47 days GCT

Subtracting 47 days from the sentence of 366 days (1 year and 1
day)
results in 319 days to be served.


Step No. 6

Sentence  = 366 - 47  = 319 days

Utilizing the GCT formula, it is learned that 319 days served
equals
47 days GCT.


Step No. 7

Time Served  = 319 x .148  = 47.212 = 47 days GCT

Adding 319 days time served to 47 days GCT does equal a sentence
of 366 days (1 year and 1 day).

Step No. 8

Time Served  = 319 + 47  = 366 days

The amount of GCT that can be awarded for a sentence of 366 days
(1 year and 1 day) is 47 days.

    The steps that were followed in the preceding example must
be followed in every instance when it is necessary to determine
the amount of GCT that can be awarded for a partial year served
on a sentence.  A short version of the preceding eight steps is
shown below.

        366 x .148 = 54.168  (366 + 54 = 420)
        366 - 54= 312 x .148 = 46.176 (312 + 46 = 358)
        366 - 46= 320 x .148 = 47.36  (320 + 47 = 367)
        366 - 47= 319 x .148 = 47.212 (319 + 47 = 366)

Thus--319 days actually served plus 47 days of GCT equals 366
days, or a sentence of 1 year and 1 day.

    There is one exception to the "fraction is always dropped"
rule.  For instance, if the partial year remaining on a sentence
equals 7 days and if the full 7 days were served, then 1 day of
GCT credit (7 x .148 = 1.036 = 1 day) could be awarded.  If the 1
day is awarded, however, then only 6 days would actually be
served on the final 7 days and for 6 days served no GCT (6 x .148
= .888 = 0 days) would be authorized.  This arithmetical conflict
occurs each time that the actual time to serve plus the GCT
equals 1 day less than that final portion of the year remaining
on the sentence.  For example, applying the GCT formula to a
final portion of a year of 294 days results in the following
calculation.

```
294 x .148 = 43.512  (294 + 43 = 337)
294 - 43= 251 x .148 = 37.148 (251 + 37 = 288)
294 - 37= 257 x .148 = 38.036 (257 + 38 = 295)
294 - 38= 256 x .148 = 37.888 (256 + 37 = 293)
```

As you can see from above, the GCT formula does not produce a result that will allow the number of days actually served plus the GCT to equal 294 days. Since it is to the advantage of the prisoner to award an additional full day for 37.888 days (38 days instead of 37 days) of GCT in such a situation, the BOP will award that additional 1 full day even though the time served results in a fraction (.888 in this case) short of a full day. (See Good Conduct Time Chart)

It is essential to learn that GCT is not awarded on the basis of the length of the sentence imposed, but rather on the number of days    actually served.  In other words, when the GCT awarded plus the number of days actually served equals the days remaining on the sentence, then the prisoner shall be released on the date arrived at in the computation process (days remaining on sentence -- (GCT + days served) = release date).  The following example demonstrates the computation process for determining a final release date on a sentence with 355 days remaining and that has a 10-10-91 date of release prior to the award of GCT.

```
355 x .148 = 52.54  (355 + 52 = 407)
355 - 52= 303 x .148 = 44.844 (303 + 44 = 347)
355 - 44= 311 x .148 = 46.028 (311 + 46 = 357)
355 - 46= 309 x .148 = 45.172 (309 + 45 = 354)
355 - 45= 310 x .148 = 45.88 (310 + 45 = 355)
```

```
Release Date      = 10-10-91 =  19276
GCT                          = -00045
Final Release Date = 08-26-91 =  19231
```

Based on the partial year formula, any sentence that equals 418 days (e.g., 1 year, 1 month and 21 days) through 425 days (e.g., 1 year, 1 month and 29 days), can receive 54 days of GCT. Beginning with sentences that equal 426 days, more than 54 days of GCT can be awarded. As a result, any sentence that exceeds 425 days will require an Anniversary Date and a prorated year computation.

Now that the method for finding the release date for a partial year has been shown, the following example demonstrates the calculation of a sentence of 1 year and 1 month with no jail time credit or inoperative time.

| Date Sentence Began | 90-06-23 | |
|---|---|---|
| Sentence Length | = +01-01-00 | |
| Full Term Date | 91-07-22* | = 19196 |
| Date Sentence Began | 90-06-22* | = -18801 |
| Days Remaining | | 395 |

$$395 \times .148 = \underline{58}.46 \quad (395 + 58 = 453)$$
$$395 - 58 = 337 \times .148 = \underline{49}.876 \quad (337 + 49 = 386)$$
$$395 - 49 = 346 \times .148 = \underline{51}.208 \quad (346 + 51 = 397)$$
$$395 - 51 = 344 \times .148 = \underline{50}.912 \quad (344 + 50 = 394)$$
$$395 - 50 = 345 \times .148 = \underline{51}.06 \quad (345 + 51 = \underline{396})$$

You will note that the GCT formula does not allow the GCT plus the days served (344 + 50 = 394 and 345 + 51 = 396) to equal the days remaining on the sentence (395). As a result, in accordance with the exception to always "dropping the fraction" rule, 51 days of GCT is awarded for the partial year rather than 50 days.

enter the number of days of Good Conduct Time into SENTRY on the
Vested Date, or the last normal work day prior to the Vested
Date.

       e.  If a Good Conduct Time Action Notice (BP-448) has
not been received by the Vested Date, then the Disciplinary Log
shall be used as the official record for disallowing GCT on the
Vested Date.  A copy of the disciplinary log shall be placed in
the J&C File pending receipt of a BP-448 that matches the
information on the disciplinary log.  After receipt of the
BP-448, the disciplinary log copy shall be destroyed.

       f.  For partial year awards, ISM staff will enter the
final GCT award into SENTRY on the inmate's release date prior to
the final satisfaction of the sentence.  The final GCT award
should be made on the inmate's release date, or the work day
preceding the release date since awards of GCT are vested and may
not later be disallowed.  If the time remaining on the sentence
is less than a year, a prorated amount of Good Conduct Time will
be entered into SENTRY.  This also includes shorter sentences up
to and including a sentence of 417 days (usually equaling 1 year,
1 month and 1 day), which do not earn the full amount of 54 GCT
days, but earn a lesser prorated amount.  Inmates serving SRA
sentences are not eligible for lump sum awards of GCT.

       g.  Community Corrections staff will perform the above
procedures for prisoners in community correction centers.  The
Disciplinary Log need not be produced for prisoners who are
boarded out to state facilities or who are serving their
sentences concurrently in a state facility.

EXHIBIT F

Case 4:04-cv-40104-RCL     Document 5     Filed 07/20/2004     Page 34 of 36

```
       FUNCTION: LST SCOPE: REG    EQ 52892-198      OUTPUT FORMAT: SAN
------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW---------
DT RCV: FROM _____ THRU _____     DT STS: FROM _____ THRU
DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____
EXTENDED: __ REMEDY LEVEL: __ __        RECEIPT: __ __ __ "OR" EXTENSION: __ __ __
RCV  OFC : EQ ____
TRACK: DEPT: _____ _____ _____ _____ _____ _____
      PERSON: _____ _____ _____ _____ _____ _____
        TYPE: ____ _____ _____ _____ _____ _____
EVNT FACL: EQ ____ _____ _____ _____ _____ _____
RCV FACL.: EQ ____ _____ _____ _____ _____ _____
RCV UN/LC: EQ ____ _____ _____ _____ _____ _____
RCV QTR..: EQ _____ _____ _____ _____ _____ _____
ORIG FACL: EQ ____ _____ _____ _____ _____ _____
ORG UN/LC: EQ ____ _____ _____ _____ _____ _____
ORIG QTR.: EQ _____ _____ _____ _____ _____ _____


G0002        MORE PAGES TO FOLLOW . . .
```

Case 4:04-cv-40104-RCL   Document 5   Filed 07/20/2004   Page 35 of 36

| REMEDY-ID | SUBJ1/SUBJ2 | ABSTRACT | | | |
|-----------|-------------|----------|----------|--------|-------------|
|           | RCV-OFC     | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 216955-R1 | 13DM/<br>NER | DISAGREES WITH CIM CLASSIFICATION<br>ALF | 07-13-2000 | REJ | 07-17-2000 |
| 218201-F1 | 13DM/10ZM<br>ALF | C.I.M./TRANSFER-OTHER<br>ALF | 08-01-2000 | CLD | 08-10-2000 |
| 218201-R1 | 13DM/10ZM<br>NER | C.I.M./TRANSFER-OTHER<br>ALF | 08-18-2000 | CLD | 09-15-2000 |
| 218201-A1 | 13DM/10ZM<br>BOP | C.I.M./TRANSFER-OTHER<br>ALF | 10-19-2000 | REJ | 10-19-2000 |
| 218201-A2 | 13DM/10ZM<br>BOP | C.I.M./TRANSFER-OTHER<br>ALF | 11-08-2000 | CLD | 01-05-2001 |
| 285206-F1 | 21AM/<br>ALF | UDC ACTION<br>ALF | 12-10-2002 | CLO | 12-20-2002 |

G0002        MORE PAGES TO FOLLOW . . .

Case 4:04-cv-40104-RCL    Document 5    Filed 07/20/2004    Page 36 of 36

| REMEDY-ID | SUBJ1/SUBJ2 | ---------------ABSTRACT---------------------- | | | |
| | RCV-OFC | RCV-FACL | DATE-RCV | STATUS | STATUS-DATE |
| 307804-R1 | 11GM/ | RUNNING TRACK | | | |
| | NER | ALF | 08-11-2003 | REJ | 08-15-2003 |

```
        7 REMEDY SUBMISSION(S) SELECTED
G0000      TRANSACTION SUCCESSFULLY COMPLETED
```