```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

CHARLES WILLIAM COOK,              )
        Petitioner,                )
                                   )
        v.                         )  C.A. No. 04-40104-RCL
                                   )
DAVID L. WINN,                     )
        Respondent.                )
```

MEMORANDUM AND ORDER

For the reasons stated below, the Respondent's Motion to Dismiss (#3) is Allowed and this action is dismissed.

BACKGROUND

On June 4, 2004 Petitioner, Charles William Cook, an inmate at the Federal Medical Center Devens ("FMC Devens"), filed his *pro se* petition for Writ of Habeas Corpus and/or Writ of Mandamus under 28 U.S.C. §1361 and §2241. Cook is currently serving an 87 month term of imprisonment imposed by the United States District Court for the Southern District of California. In his petition, Cook challenges the Bureau of Prison's ("BOP") calculation of his Good Conduct Time ("GCT"), under 18 U.S.C. §3624(b), which he claims erroneously and adversely effects his release date[1]. Specifically, he asserts that the BOP wrongly

---

[1] Section 3624(b) provides that prisoners serving terms of longer than 1 year, other than life imprisonment, may receive credit toward their sentences of up to 54 days at the end of year of the prisoner's term of imprisonment, if the prisoner demonstrates good behavior.

1

interprets and calculates GCT by applying the term "time actually served" in substitution for "term of imprisonment" as found in 18 U.S.C. 3624(b).  Such an interpretation deprives him of the chance to earn 54 days for the latter portion of his imprisonment, and he seeks an Order directing the BOP to re-calculate his GCT to include 54 days for each year of the imposed sentence rather than the time actually served. Cook further contends that the BOP's interpretation is inconsistent with Congressional intent and that the BOP regulation is entitled to a lower degree of deference by the Court.

In response to the petition, on July 20, 2004,  Respondent David L. Winn, Warden of FMC, filed a Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), and submitted a Memorandum of law in support thereof.  Cook did not file an opposition to the Motion to Dismiss.

In support of his motion, Respondent Winn contends that Cook's position is inconsistent with the plain meaning of 18 U.S.C. 3624(b) requiring credit awards "at the end of each year of the prisoner's term of imprisonment." 18 U.S.C. § 3624(b). In the alternative Respondent argues that even if the statutory language is ambiguous, the Court should afford the BOP's regulations governing GCT calculations should be afforded substantial deference.

ANALYSIS

I.  The BOP's interpretation of GCT is permissible and reasonable.

This Court is bound by the recent decision by the First Circuit Court of Appeals which addressed the precise legal issue presented by the Petitioner in this case.  In Perez-Olivo v. Chavez, 2005 WL 31913 (1st Cir. Jan. 7, 2005), the First Circuit found that the BOP's interpretation of GCT under §3624 is permissible and reasonable, and deference must be afforded to the BOP's interpretation.

In reaching this conclusion, the First Circuit in Perez-Olivo addressed the issue whether the BOP's interpretation of §3624 was "permissible" by applying a Chevron analysis.  Under Chevron U.S.A., Inc. v. Natural Resources. Defense Council, Inc., 467 U.S. 837, 843 (1984), a Court considering an agency interpretation of a statute must consider whether there is explicit Congressional intent which addresses the issue.  If there is, then the Court must give effect to Congress's express intent. Id.  However, if no clear Congressional intent is manifested, and the statute is ambiguous, the Court must decide if the agency's view "is based on a permissible construction of the statute." Id.  Agency regulations "are given controlling weight unless they are arbitrary, capricious, or manifestly

contrary to the statute...." Id at 844.

Using the Chevron framework, the First Circuit in Perez-Olivo determined that Congress did not define the phrase "term of imprisonment" under section (b) of the statute, and that neither the statue as a whole, nor the legislative history resolved the ambiguity. Perez-Olivo, 2005 WL 31913 at 3-5. Since the statute was deemed to be ambiguous, the Court then considered whether the BOP's regulation was reasonable under the statute, and determined that the BOP's interpretation (i.e. applying a "time served" methodology) was both permissible and reasonable under 18 U.S.C §3624(b). Id. at 5-6. The Court found that the statutory language requiring prisoner evaluations of credit "at the end of each year" made the BOP's interpretation of awarding GCT for time served reasonable. Id. at 6 (emphasis added). Moreover, since a prisoner could only receive credit if he has complied with institutional disciplinary regulations, under 18 U.S.C. §3264(b)(1), the Court found that this evidenced a clear intention of Congress that the BOP evaluate a prisoner's conduct during his time spent in prison; it was therefore reasonable to conclude that this required the time actually to be served in order to perform such evaluation. Id.

Further, Cook's reliance on White v. Scibana, 314 F. Supp.

2d 834 (W.D. Wis. 2004) to support his position that the BOP's calculation of GCT is erroneous, is misplaced.  In White, the district court held that the statute was unambiguous, and therefore concluded that the BOP did not have the power to interpret the provision.  Id.  The district court reasoned that the phrase "term of imprisonment" was well defined under federal statutory law, as equivalent to sentence imposed and should be applied the same manner to 18 U.S.C. § 3624(b).  Id.

However, since the time Cook filed his petition, the White district court case was reversed by the United States Court of Appeals for the Seventh Circuit.  White v. Scibana, 390 F.3d 997 (7th Cir. 2004).  As in Perez-Olivo, the Seventh Circuit in White also found that the statute was ambiguous and deferred to the BOP's interpretation.  Id. at 1003.  The Ninth Circuit has also agreed that 18 U.S.C. §3624(b) is ambiguous, and has applied the BOP's definition.  Pacheco-Camacho v. Hood, 272 F.3d 1266, 1271 (9th Cir. 2001).

Accordingly, based on the holding in Perez-Olivo, this Court is bound to reject Cook's petition and hold that the BOP's interpretation and methodology in the calculation of Petitioner Cook's case is proper.

    II.   Failure to Exhaust Administrative Remedies

Respondent Winn further contends that Cook's petition must be dismissed for failure to exhaust administrative remedies. Ordinarily a prisoner must exhaust administrative remedies before bringing a habeas petition. See Rose v. Lundy, 102 S.Ct. 1198 (1982); Rogers v. United States, 180 F.3d 349, 357-58 (1st Cir. 1999). Exceptions exist, however, where "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion of remedies for §2241 petitions is a judicially-created requirement rather than a statutory one, and thus may not be required where exhaustion is futile or involves pure issues of law. See, e.g., Rogers, 180 F.3d at 357 (stating that once administrative remedies under the Bureau of Prisons' Administrative Remedies Program are exhausted, 28 C.F.R. §§ 542.10-542.16, prisoners may then seek judicial review by filing a habeas petition under 28 U.S.C. § 2241); Iacaboni v. United States, 251 F. Supp. 2d 1015, 1017 n. 1. (D. Mass. 2003)(noting futility and "pure matter of law" exceptions to exhaustion); cf. Casanova v. Dubois, 304 F.3d 75, 78 n. 3 (1st Cir. 2002) (PLRA exhaustion requirement is a non-jurisdictional affirmative defense).

Here, Cook does not dispute that he failed to exhaust

-6-

administrative remedies, but claims that since other prisoners have sought re-computation of their sentences, and were "categorically denied" it would be futile to seek such administrative remedy.  Respondent argues that exhaustion is not "futile merely because petitioner believes that his administrative review will be denied." Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989).

The Court need not reach this issue, nor inquire into the merits of Cook's assertions, because the First Circuit Court of Appeals decision in Perez-Olivo is determinative on the ultimate issue presented by Cook, and provides this Court with a sufficient ground for dismissal of Cook's petition.

## CONCLUSION

Based on the foregoing, the Respondent's Motion to Dismiss the petition (#3) is Allowed, and it is hereby ORDERED that Petitioner Cook's Petition for Writ of Habeas Corpus/and/or Writ of Mandamus under 28 U.S.C. §1361 and §2241 is DISMISSED in its entirety.

Dated this  3rd  day of February, 2005

/s/ Reginald C. Lindsay
REGINALD C. LINDSAY
UNITED STATES DISTRICT JUDGE